**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

RHONDA KAY STEWART *et al.*                                    PLAINTIFFS

V.                                    NO: 5:11CV00179 JMM/HDY

SHERRY A. CONRAD *et al.*                                    DEFENDANTS


## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James

M. Moody.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge  (if such a  hearing is granted)  was not  offered at  the
        hearing before the Magistrate Judge.

1

3.    The detail of any testimony desired to be introduced at the
hearing before the District Judge in the form of an offer of
proof,  and a copy,  or the original, of any documentary or
other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **<u>DISPOSITION</u>**

Terrance Proctor ("Plaintiff"), an inmate at the Varner Super Max Unit of the Arkansas

Department of Correction ("ADC"), filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, on

July 12, 2011.[1]  Defendants are Sherry A. Conrad, Lasaundra Malone, Tanya Hill, Tammy K.

Rochelle, Carolyn J. Bennett, Sedrick Franklin, Nelson, James Banks, Charles Freyder, Warren

Walker, James Gibson, Jarad Byers, John Blankenship, Joanna Franklin, Keith Waddle, Minnie L.

Drayer, Justine Minor, Barbara Smallwood, Larry Norris, Ronald Dobbs, Larry May, Wendy Kelley,

Daryl Gardner, John Spears, Ray Hobbs, Tiffany Compton, Does, Curtis Meinzer, Daryl Golden,

Ruth Clark, Mike Brockman, and Grant Harris.

On March 9, 2012, Plaintiff filed a motion to voluntarily his claims against Defendants

---

[1]Previous Plaintiffs Rhonda Kay Stewart, Sandra Stewart, Kimberly Kedeatte, Lister,
Kemetra Britt, Bernice Stewart, Najee Muhammad Mustafa, Doris Proctor, Tamra Nofsinger, and
Shahida Mustafa, have been previously dismissed.  For purposes of this recommendation, "Plaintiff"
refers to Plaintiff Terrance Proctor.

Charles Freyder, Sedrick Franklin, Lasaundra Malone, Nelson, Jarad Byers, Keith Waddle, Minnie

Drayer, Justine Minor, Larry Norris, John Blankenship, Wendy Kelley, Ronald Dobbs, and Barbara

Smallwood.  That motion should be granted.

Plaintiff also made a timely demand for a jury trial; however, before incurring the expense

of money and manpower inherent in such a trial, the Court held an evidentiary hearing on March 5,

2012, to determine whether this case should proceed to a jury trial [2].  Pursuant to the standard set

forth in *Johnson v. Bi-State Justice Center*, 12 F.3d 133 (8th Cir. 1993), the Court has considered

Plaintiff's testimony during the hearing to be true, drawn all appropriate inferences in Plaintiff's

favor, and refrained from making any credibility determinations. *Id*. at 135-6.  Viewing the evidence

presented during the hearing in this light, the Court must now decide "whether the evidence presents

a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party

must prevail as a matter of law." *Id., quoting Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251-2

(1986).  Considering the evidence introduced at the evidentiary hearing in the manner set forth

above, the undersigned makes the following findings:

1.      Plaintiff was an ADC inmate at the Varner Super Max Unit at all times relevant to

this complaint.

2.      Plaintiff was transferred from the Tucker Maximum Security Unit to the Varner

Super Max Unit on May 28, 2009.  On June 2, June 3, and June 4, 2009, Plaintiff attempted to send

letters to Joe A. Campbell, who typed legal work for Plaintiff.  Those letters were confiscated by

Conrad, and began what Plaintiff has described as a lengthy practice of interfering with his mail and

---

[2]Although Plaintiff's motion to dismiss certain claims and parties was not filed until March
9, 2012, Plaintiff actually presented the motion at the hearing, and the parties relied on it in
discussing Plaintiff's claims.

retaliating against him for his complaints.  It is undisputed that inmates have a constitutional right to receive mail.  *Weiler v. Purkett*, 137 F.3d 1047, 1050 (8th Cir.1998).  Accordingly, when a prison regulation infringes on that right, the regulation must be reasonably related to legitimate penological interests to be valid.  *Turner v. Safley*, 482 U.S. 78, 89 (1987).  There appears to be no dispute that Prison officials generally have a right to monitor mail.  The dispute appears to be the prison's policies as they have been applied to Plaintiff and his correspondence.  Although Plaintiff asserted that the confiscation of his mail in June of 2009 was a violation of his rights, documents introduced as Defendants' exhibit #7 reveal that the letters were confiscated because they violated prison policy.  On June 2, and June 3, 2009, Plaintiff was attempting to have money delivered to another inmate.  On June 4, 2009, Plaintiff was attempting to have a free-world acquaintance research a prison staff member's home address.  Thus, there was a legitimate reason for the confiscation of the mail, and Plaintiff's disciplinary charges which followed.  Plaintiff's conviction of the charges forecloses any retaliation claim.  The Eighth Circuit has held that "no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform."  *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990).  More recently, the Court has reiterated that "if the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prisoner rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail."  *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993).  Accordingly, Plaintiff has no claim for retaliation regarding the letters.

3.      Plaintiff also asserts that Conrad intercepted his appeals of the disciplinary charges.  However, the documentation indicates that Plaintiff appealed all three disciplinary events to the director, and the findings were upheld (Defendants' exhibit #7).  Thus, although Plaintiff believed

there was a conspiracy involving Gibson, Hill, and Harris, to block his appeals, the appeals were not blocked.

4.      Plaintiff complained that he was wrongly disciplined for a letter he sent to a local prosecuting attorney in October of 2009.  Plaintiff addressed the letter to the attorney using her first name, but a fictitious last name.  However, Plaintiff conceded at the hearing that the letter was obscene.  Thus, any discipline on the basis of the letter was appropriate.

5.      Plaintiff sought to press criminal charges for allegedly improper deductions from his inmate trust account, and, in December of 2009, wrote to the prosecuting attorney to whom the obscene letter was sent in October of 2009.  The prosecutor had received Plaintiff's earlier letter, and wrote prison officials to let them know that Plaintiff had no business with her.[3]  That month Plaintiff also wrote to his mother and aunt, seeking their help in contacting the prosecuting attorney. That mail to the prosecutor and to Plaintiff's family members was confiscated.  Plaintiff was written disciplinary charges by Conrad and was found guilty of charges related to the mail sent to the prosecutor, but not guilty of charges related to mail sent to his family members.

6.      Plaintiff wrote to Tamra Nofsinger, a private investigator, in December of 2009 and early 2010.  Although Plaintiff believed the mail was confiscated in violation of his rights, testimony offered at the hearing indicated that the letter was perceived to contain threats, and was therefore confiscated.  Likewise, a number of letters Plaintiff addressed to Najee Muhammad, or letters sent to Plaintiff from Muhammad, in December of 2009 were confiscated, but Defendants' exhibit #7 indicates that they were confiscated, and Plaintiff was disciplined, because the mail was not legal,

---

[3]The exhibits indicate that the attorney had been removed from Plaintiff's case eight or nine years earlier due to Plaintiff's inappropriate behavior toward her.

but rather general correspondence, and Plaintiff had labeled it as legal mail.  Plaintiff had similar mail addressed to Muhammad confiscated in January and February of 2010 for the same reasons, as well as for forging a guard's name in at least one instance.  Plaintiff testified that should not matter, as he previously and regularly had put "legal mail," on any correspondence, whether it met the official definition of legal mail or not.  However, the fact that Plaintiff may have not been punished for earlier abuses of the mail system does not make confiscation of his mail for abuse of the system at a later time any less appropriate.

7.      In May of 2010, Plaintiff attempted for a third time to send Muhammad a cover for a book he was writing.[4]  However, that mail was confiscated because Plaintiff had paid another inmate to produce the art on the cover, which is a violation of prison rules.

8.      In April of 2011, Muhammad attempted to send Plaintiff a copy of a book.  That book was confiscated due to inflammatory content which was determined to be a threat to the security, discipline, or good order, of the institution.  Defendants' exhibit #5 demonstrates that Plaintiff was notified, and fully appealed.  The final decision notes not only the inflammatory nature of the content, but also the book's hard cover.[5]  That same month, literature copied from the internet was confiscated because it was not from a publisher or bookstore.  Plaintiff's notice of that confiscation is documented by Defendants' exhibit #5.

9.      It is clear from the testimony and exhibits offered at the hearing that a significant amount of Plaintiff's mail was confiscated by prison authorities.  It is equally clear that in almost

---

[4]The first covers Plaintiff tried to send were apparently among the mail Plaintiff attempted to send to Muhammad earlier in the year.

[5]Presumably, the hard cover presented a safety concern.

every instance, Plaintiff was given notice of the confiscation, and that the confiscation was based on a valid penological concern.  Indeed, the only apparent erroneous confiscation was mail that Plaintiff attempted to send to his mother and aunt in December of 2009.  Even though that mail should not have been confiscated, isolated incidents of mistaken censorship do not rise to the level of a constitutional violation, *Ping v. Raleigh*, No. 98-2739, 205 F.3d 1347 (8th Cir.  Jan.24, 2000) (unpublished table decision) (citing *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir.1987).  Moreover, substantial deference must be given to prison officials in matters concerning prison management. *Hewitt v. Helms*, 459 U.S. 460, 467 (1983).  Accordingly, Plaintiff's complaint should be dismissed.[6]

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion to voluntarily dismiss his claims against certain Defendants (docket entry #118) be GRANTED, and Plaintiff's claims regarding mail interference, retaliation, and conspiracy, against Defendants Charles Freyder, Sedrick Franklin, Lasaundra Malone, Nelson, Jarad Byers, Keith Waddle, Minnie Drayer, Justine Minor, Larry Norris, John Blankenship, Wendy Kelley, Ronald Dobbs, and Barbara Smallwood, be DISMISSED WITHOUT PREJUDICE.

2. Plaintiff's complaint be DISMISSED WITH PREJUDICE in all other respects for failure to introduce sufficient evidence to create a fact issue to be submitted to a jury.

---

[6]In his complaint and testimony, Plaintiff made other allegations that simply do not rise to the level of a constitutional violation.  For instance, Plaintiff received mail from the Arkansas Claims Commission in June of 2010.  Conrad received one letter on June 10, 2010, and did not deliver it until June 16, 2010.  Two other letters from the Commission were received on June 16, 2010, and not delivered until June 29, 2010.  A letter from Muhammad which was received on June 14, 2010, was not delivered until June 17, 2010.  In August, a letter from the U.S. Justice Department was received on August 19, 2010, and not delivered until August 21, 2010, and mail returned from the United States Court of Appeals for the Eighth Circuit was received on March 12, 2010, but not delivered until March 17, 2010.

3.      All other pending motions be DENIED AS MOOT.

DATED this __19__ day of March, 2012.

_____
UNITED STATES MAGISTRATE JUDGE